UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Lydia G.,[1]<br><br>  Plaintiff,<br><br>  v.<br><br>Kilolo Kijakazi, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. 2:22-cv-00506-BNW<br><br>**ORDER re ECF Nos. 19 & 21** |

  This case involves review of an administrative action by the Commissioner of Social Security denying Plaintiff Lydia G.'s application for disability insurance benefits and supplemental security under Title II and Title XVI of the Social Security Act, respectively.[2] On March 23, 2022, the parties consented to the case being heard by a magistrate judge in accordance with 28 U.S.C. § 636(c), and this matter was assigned to the undersigned for an order under 28 U.S.C. § 636(c). *See* ECF No. 3. The Court reviewed Plaintiff's motion for reversal or remand (ECF No. 19), the Commissioner's cross-motion to affirm and response (ECF Nos. 21, 22), and Plaintiff's reply (ECF No. 23). For the reasons discussed below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

//

//

//

//

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] Although Title II and Title XVI of the Act are governed by a separate set of regulations, the regulations governing disability determinations are substantially the same for both programs. *Compare* 20 C.F.R. §§ 404.1501–1599 (governing disability determinations under Title II) *with* 20 C.F.R. §§ 416.901–999d (governing disability determinations under Title XVI). For convenience, the Court cites only the regulations governing disability determinations under Title II.

## I.   Background

### 1.   Procedural History

On August 10, 2018,[3] Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, alleging an onset date of March 1, 2017. ECF No. 16-1[4] at 212–26. Plaintiff's claim was denied initially and on reconsideration. *Id*. at 136–39; 142–47.

A telephonic hearing was held before Administrative Law Judge ("ALJ") Ben Willner on February 24, 2021. *Id*. at 43–65. On March 15, 2021, ALJ Willner issued a decision finding that Plaintiff was not disabled. *Id*. at 21–37. On February 16, 2022, the Appeals Council denied review. *Id*. at 5–11. On March 22, 2022, Plaintiff commenced this action for judicial review under 42 U.S.C. § 405(g). *See* IFP App. (ECF No. 1).

## II.   Discussion

### 1.   Standard of Review

Administrative decisions in Social Security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See id*.; *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence.

---

[3] The Administrative Law Judge's decision identifies August 9, 2018 as date that Plaintiff applied for disability insurance benefits and supplemental security income. ECF No. 16-1 at 24.

[4] ECF No. 16 refers to the Administrative Record in this matter which, due to COVID-19, was electronically filed. (Notice of Electronic Filing (ECF No. 16)). All citations to the Administrative Record will use the CM/ECF page numbers.

*See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

  **2.**  **Disability Evaluation Process and the ALJ Decision**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous

period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Moreover, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(a)(4)(ii). If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). If the individual's impairment or combination of impairments meets or equals the criteria of a listing and the duration requirement, then a finding of disabled is made. *Id.* § 404.1520(d). Otherwise, the analysis proceeds to step four.

However, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the

individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1560; *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1545. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(a)(4)(iv). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years. In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If she can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence demonstrating that other work exists in significant numbers in the economy that the individual can do. *Yuckert*, 482 U.S. at 141–42.

Here, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a) and § 416.920(a). ECF No. 16-1 at 25–37.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2017, the alleged onset date. *Id*. at 27.

At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative changes of the left shoulder, knees, and feet; mild left-sided carpal tunnel syndrome; and obesity. *Id*.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 29.

Before moving to step four, the ALJ concluded that Plaintiff had the RFC to perform "light work" with the following limitations:

> [S]he can no more than frequently push and pull hand controls and reach overhead with the dominant left upper extremity. She can no more than frequently handle and finger with the left dominant hand. She can occasionally climb ramps and stairs, must never be required to climb ladders, ropes, or scaffolds, frequently balance, and occasionally stoop, kneel, crouch, crawl. She can only frequently be required to work in conditions of unprotected heights, with moving mechanical parts, with extreme cold, and vibration.

*Id.* at 30.

At step four, the ALJ found that Plaintiff can perform past relevant work as a hairdresser supervisor. *Id*. at 35. The ALJ then concluded that Plaintiff was not under a disability at any time since March 1, 2017. *Id*. at 36.

### 3. Analysis

#### A. Whether substantial evidence supports the ALJ's finding that Plaintiff can perform past relevant work as a hairdresser

Plaintiff moves the Court to remand for benefits or, in the alternative, remand for further proceedings on two grounds. ECF No. 19 at 2.

First, she argues that the ALJ erred in finding that Plaintiff can perform past relevant work as a hairdresser because "she lacked the ability to perform the standing and walking required of her past relevant work and her other non-relevant work experiences." *Id.* at 7–10. The Commissioner disagrees and submits that the ALJ found Plaintiff could not perform her past relevant work as a hairdresser as actually performed but could as generally performed. ECF No. 21 at 9–13.

At step four of the sequential evaluation process, the claimant bears the burden of showing she can no longer perform her past relevant work "'either as actually performed or as generally performed in the national economy.'" *Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1166 (9th Cir. 2008) (quoting *Lewis v. Barnhart,* 281 F.3d 1081, 1083 (9th Cir. 2002)). Nonetheless, the ALJ has a duty "'to make the requisite factual findings to support his conclusion.'" *Lewis,* 281 F.3d at 1083 (quoting *Pinto v. Massanari,* 249 F.3d 840, 844 (9th Cir. 2001)). This includes making (1) a finding of fact as to the claimant's RFC, (2) a finding of fact as to the physical and mental demands of the past job/occupation, and (3) a finding of fact that the claimant's RFC would permit a return to her past job or occupation. *Ocegueda v. Colvin*, 630 F. App'x 676, 677 (9th Cir. 2015) (citing SSR 82–62, 1982 WL 31386, at *4). Although the claimant's testimony is the primary source for vocational documentation, the ALJ also may use a vocational expert to determine whether the claimant can perform her past relevant work. *Id.* (citations omitted).

Here, the ALJ relied on both Plaintiff and a vocational expert to make the requisite findings of fact. ECF No. 16-1 at 36. He found that (1) Plaintiff could perform "light" work with some limitations, (2) Plaintiff actually performed her past relevant work as a hairdresser at a "medium exertional level[,]" and (3) the hairdresser position, as generally performed, requires "light, skilled work[.]" *Id*. He then concluded that Plaintiff could perform her past relevant work as a hairdresser as *generally* performed (per the *Dictionary of Occupational Titles*[5]) but *not* as *actually* performed. *Id.*

Plaintiff does not challenge the ALJ's RFC finding but argues only that the ALJ failed to consider Plaintiff's past exertional demands as a hairdresser. Plaintiff's argument is not supported by the record. This is because (1) the ALJ found that Plaintiff *actually* performed the hairdresser position at a "medium exertional level" and in excess of how the position is generally performed, and (2) Plaintiff cannot perform the hairdresser position as she actually performed it but only as it is generally performed. *Id*. at 36.

---

[5] The *Dictionary of Occupational Titles* is "the best source for how a job is generally performed." *Pinto,* 249 F.3d at 845; *see also Ocegueda*, 630 F. App'x at 677–78.

To be clear, a "claimant must be able to perform her past relevant work either as actually performed *or* as generally performed in the national economy." *Lewis*, 281 F.3d at 1083 (emphasis added); *see also* SR 82-61 (explaining that "if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be 'not disabled'"). Thus, Plaintiff's citation to *Ocegueda*, 630 F. App'x 676 misses the mark. In *Ocegueda*, the court found that the ALJ erred by finding, "without explanation," that the plaintiff could perform her past relevant work as a beautician or hairdresser *both* as actually and generally performed. *Id*. at 678.

In short, substantial evidence supports the ALJ's finding that Plaintiff could perform past relevant work as *generally* performed but not as *actually* performed. Thus, the Court finds no error.

### B. Whether the ALJ provided specific, clear, and convincing reasons to discount Plaintiff's pain and symptom testimony

Next, the parties dispute whether the ALJ provided specific, clear, and convincing reasons in discounting Plaintiff's subjective symptom testimony. *Compare* ECF No. 19 at 10–12 *with* ECF No. 21 at 13–19.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citation and quotation omitted). "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so."

*Id.* (citation and quotation omitted). *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why they discounted the claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas*, 278 F.3d at 959.

Here, the ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms. ECF No. 16-1 at 30. However, the ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Id.* The ALJ cited to a few reasons, including Plaintiff's activities of daily living, conservative treatment, noncompliance with treatment, and inconsistencies between her testimony and conduct, to discount her symptom testimony. *Id.* at 30–31.

As an initial matter, Plaintiff challenges only one of the ALJ's reasons for discounting her pain and symptom testimony—Plaintiff's activities of daily living. ECF No. 19 at 12. Thus, the Court finds that Plaintiff has waived any argument challenging the ALJ's other cited reasons. *See Indep. Towers of Washington v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003) (citing *Greenwood v. Fed. Aviation Admin.,* 28 F.3d 971, 977 (9th Cir. 1994)) (explaining that courts cannot "manufacture arguments" for litigants and will "review only issues which are argued specifically and distinctly in a party's opening brief").

Although the ALJ may have erred in discounting Plaintiff's pain and symptom testimony because of her activities of daily living, the Court finds any potential error harmless. This is because the ALJ provided at least one specific, clear, and convincing reason, supported by substantial evidence, to discount Plaintiff's subjective symptom testimony. *See Batson,* 359 F.3d at 1197 (holding that where one of an ALJ's several reasons supporting an adverse credibility

finding is held invalid, the error is harmless if it "does not negate the validity of the ALJ's ultimate conclusion that [the claimant's testimony] was not credible"); *see also Carmickle*, 533 F.3d at 1163 (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid).

An ALJ may reject a claimant's testimony if there is "conflicting medical evidence, effective medical treatment, medical noncompliance, inconsistencies in the claimant's testimony or between her testimony and her conduct, daily activities inconsistent with the alleged symptoms, and testimony from physicians and third parties about the nature, severity and effect of the symptoms about which the claimant complains." *Robert H., Plaintiff, v. Commissioner, Social Security Administration, Defendant.,* No. 6:22-CV-00565-MC, 2023 WL 5606982, at *3 (D. Or. Aug. 30, 2023) (citations and internal quotation marks omitted). As noted above, one of the ALJ's reasons for discrediting Plaintiff's testimony is inconsistencies between her testimony and conduct. ECF No. 16-1 at 31–32. The record supports the ALJ's finding. For example, and as the ALJ points out, at Plaintiff's consultative examination, she "initially reported no pain, but later reported pain with every movement." *Id.* at 72.

In short, it is Plaintiff, as the party attacking the Agency's determination, who bears the burden of demonstrating harmful error, and the Court may not reverse an ALJ's decision based on harmless error. *Miller v. Kijakazi*, No. 2:22-CV-00355-EJY, 2023 WL 1525429, at *11 (D. Nev. Feb. 3, 2023). Because the ALJ found Plaintiff not fully credible because of inconsistencies in the record, and this finding is supported by substantial evidence, the Court must "defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198 (internal citation omitted). Finally, the Court need not reach the other reasons cited by the ALJ in discrediting Plaintiff's pain and symptom testimony because, as already discussed, any error would be harmless. *See Batson,* 359 F.3d at 1197; *see also Carmickle*, 533 F.3d at 1163.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reversal or Remand (ECF No. 19) is DENIED.

**IT IS FURTHER ORDERED** that the Commissioner's Cross-Motion to Affirm and Response to Plaintiff's Motion for Reversal and/or Remand (ECF Nos. 21, 22) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment in favor of the Commissioner and close this case.

DATED: September 6, 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE